**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Claudia Sepulveda,
Plaintiff(s),
v.
Costco Wholesale Corporation,
Defendant(s).

Case No. 2:26-cv-03206-JAD-NJK

**Scheduling Order**

[Docket No. 8]

Pending before the Court is a proposed discovery plan. Docket No. 88.

## I. CASE MANAGEMENT DEADLINES

The presumptively reasonable discovery period is 180 days measured from "the date the first defendant answered or otherwise appeared." Local Rule 26-1(b)(1). The parties seek an extra 100 days for discovery, or more than a 50% increase from the default period, based on Plaintiff's counsel overloading his work schedule with trials in the coming months. Docket No. 8 at 2.[1] "Attorneys have a duty to the Court and to their clients to ensure that they accept a caseload that enables them to meet litigation deadlines." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1179 (D. Nev. 2022). That counsel has taken on so many clients that he cannot devote appropriate time to this case is cause for alarm, not cause to deviate from the standard litigation schedule. *See id.* The Court will set case management deadlines based on the presumptively reasonable timeframe provided in the local rules:

- Initial disclosures: November 10, 2026[2]

[1] The parties also note that defense counsel has two trials in the coming months, but the crux of the reasoning is that Plaintiff's counsel has taken on an unsustainable workload.

[2] The discovery plan does not provide the date when initial disclosures were made or will be made. *But see* Fed. R. Civ. P. 26(f)(3). Moreover, the Rule 26(f) conference was held weeks ago, so presumably the initial disclosures have already been exchanged. *See* Fed. R. Civ. P. 26(a)(1)(C). Given the lack of information, the Court will set a deadline herein.

- Amend pleadings/ add parties: December 29, 2026
- Initial experts: January 28, 2027
- Rebuttal experts: March 1, 2027
- Discovery cutoff: March 29, 2027
- Dispositive motions: April 28, 2027
- Joint proposed pretrial order: May 28, 2027, or 30 days after resolution of dispositive motions

The case management deadlines are not to be considered tentative in nature. The Court intends to enforce the case management deadlines absent a proper showing that modification is warranted, even if that request is presented jointly or by stipulation.

## II. DISCOVERY MOTIONS

Seeking judicial intervention on discovery disputes is *strongly discouraged*. The Court does not generally entertain requests for informal resolution of discovery disputes, so discovery disputes must ordinarily be presented through proper motion practice. Such motion practice must include a statement certifying that counsel could not satisfactorily resolve the matter after personal consultation and sincere effort to do so. The parties and counsel are warned that there is a presumption that reasonable expenses—including attorneys' fees—will be awarded to the victor of a discovery motion. The Court will not hesitate to impose such awards as warranted given their intended deterrent purpose.

Discovery motions must be filed without undue delay. In addition, absent unusual circumstances, the Court will not consider discovery motions filed more than 14 days after the discovery cutoff.

## III. LATER-APPEARING PARTIES

Any later appearing party must serve initial disclosures within 21 days of that party's first appearance in the case. The case management deadlines set forth above otherwise apply to any later appearing party as currently set, unless a request to modify those deadlines is filed and granted by the Court.

## IV. CONCLUSION

The pending discovery plan is **GRANTED** in part and **DENIED** in part as stated above.

IT IS SO ORDERED.

Dated: November 3, 2026

Nancy J. Koppe
United States Magistrate Judge